UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSANNA CURCIO,<br><br>       Plaintiff,<br><br>  -against-<br><br>VICTOR GROSSMAN, et al.,<br><br>       Defendants. | 21-CV-4452 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her rights during her divorce and custody proceedings in the Putnam County Supreme Court. By order dated June 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of Plaintiff's divorce and custody proceedings, which occurred in 2013 and 2017, in the Putnam County Supreme Court. She names as Defendants Judge Victor Grossman, who presided over the proceedings; Donna E. Abrams, a court-appointed lawyer assigned to represent Plaintiff's children; and Laura Roberts, the lawyer for the children's father (Mr. Curcio).

The following facts are taken from the complaint: in 2015, after Plaintiff's custody trial ended, Judge Grossman held "an emergency conference" in response to Abrams' claim that Plaintiff's children had accused Plaintiff of "interrogating" them. (ECF 2, at 3.) Although Plaintiff denies these allegations, "[t]he court believed the false allegations and removed [the] children from the house they were both born and raised in and put them in Mr. Curcio's girlfriend's house, who is now Mr. Curcio's wife." (*Id.*) Judge Grossman did not provide Plaintiff "the opportunity to respond to the allegations." (*Id.*) Moreover, "[w]ithout a hearing or any due process whatsoever, the schedule was modified, which forced Judge Victor Grossman to give Mr. Curcio custody of our children." (*Id.*)

"On July 25, 2016, both Donna E. Abrams and Laura Roberts abused their position and authority and had Plaintiff falsely arrested which prevented [the] children and their mother from going to Italy that summer." (*Id.* at 4.) At the time of the arrest, "Plaintiff did not know that Laura Roberts was also a part-time Assistant District Attorney in Putnam County." (*Id.*) Roberts "had criminal charges filed against the plaintiff in order to harass her and cause the Plaintiff and her children harm and not because the Plaintiff violated the law." (*Id.*) "Despite [Plaintiff's] never being convicted of any crime, Laura Roberts and Ms. Abrams continued to use this to the Plaintiff's detriment." (*Id.*) Plaintiff did complain, however, to the Putnam County District Attorney's Office, and "Roberts was fired from her position." (*Id.*)

In April 2018, "[d]uring a parental alienation trial . . . [Plaintiff's] children were coached by Mr. Curcio's wife that Plaintiff touched her children inappropriately." (*Id.*) "CPS [Child Protective Services] investigated and did not find believable information to prove that Plaintiff abused or mistreated her children." (*Id.*) A judge "dismissed the parental alienation trial and instead issued Plaintiff a two year order of protection." (*Id.*) On August 28, 2020, a judge "dismissed" the order of protection. (*Id.* at 5.)

At some point, Defendant Abrams "forced [Plaintiff's] thirteen year-old son to falsely testify against his own mother." (*Id.*)

On September 8, 2020, Defendant Grossman "signed" Plaintiff's order to show cause regarding "Mr. Curcio's failure to comply with the court's custody and visitation order." (*Id.*) But Defendant Abrams contacted Grossman by email "on Mr. Curcio's behalf to request a continuance to submit Mr. Curcio's opposition papers," and did not include Plaintiff in the correspondence. (*Id.*) Grossman "retaliated and discriminated against [ ] Plaintiff" by reappointing Abrams as the attorney for the children. (*Id.*) Grossman also "knowingly ignored the fact that he lost jurisdiction and continued on th[e] case," including on March 8, 2021.[1]

"As a consequence of Defendants' wrongful conduct, Plaintiff suffered loss of time with her children, severe emotional distress, loss of wages, [and] profound humiliation." (*Id.*)

Plaintiff asserts the following claims under the Fourteenth Amendment's Due Process Clause: (1) fraud upon the court and abuse of process; (2) false arrest; and (3) denial of a fair trial. For relief, she seeks money damages.

According to public records, "[b]y order dated August 28, 2018, the [Putnam County] Family Court, after a hearing, found that [Plaintiff] committed a family offense . . . [and] issued a

---

[1] Plaintiff does not specify what occurred on March 8, 2021.

3

two-year full stay-away order of protection against the mother in favor of the children." *Curcio v. Curcio*, 183 A.D.3d 726, 726, (App. Div. 2d Dep't 2020). After Plaintiff filed an order to show cause to "modify the order of protection," on March 8, 2019, the Family Court, "noting its familiarity with the proceedings, declined to sign the order to show cause." *Id.* Plaintiff appealed the decision, and the Appellate Division, Second Department, treating the appeal as an application for review under New York's C.P.L.R. § 5704(a), "agree[d] with the Family Court's determination declining to sign the order to show cause." *Id.* (citation omitted)

## DISCUSSION

A.  **Claims Against Judge Grossman**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

4

Plaintiff asserts claims arising from Judge Grossman's decisions and actions while presiding over Plaintiff's family court proceedings. Judge Grossman is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims under section 1983 against Judge Grossman under the doctrine of judicial immunity and because these claims are frivolous. *Cf. Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.SC. § 1915).

**B.      Claims Against Abrams**

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Thus, "an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (collecting cases), *aff'd*, 485 F. App'x 500 (2d Cir. 2012).

As Defendant Abrams is an attorney who was appointed by the Family Court to represent Plaintiff's children and does not work for any state or other government body, she is not a state actor within the meaning of section 1983. The Court therefore dismisses all claims brought against Abrams for failure to state a claim. 28 U.S.C. § 1915(e)(B)(ii).

5

### C. Claims against Roberts

The claims brought against Roberts appear to arise out of her role as Mr. Curcio's lawyer. But, as noted above, Plaintiff cannot bring section 1983 claims against private attorneys because they are not state actors under that statute. Thus, the Court dismisses these claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to bring claims against Roberts in her role as a prosecutor, such claims are also dismissed because prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citations omitted). Therefore, the Court dismisses these claims because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### D. Claims Arising out of the State Court Proceedings

"Where a federal suit follows a state suit, the former may be prohibited by the so-called *Rooker–Feldman* doctrine," *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005), which recognizes that federal district courts are not authorized "to exercise appellate jurisdiction over state-court judgments," *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).

The doctrine applies when four requirements are met: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by the state court

judgment"; (3) "the plaintiff must invite district court review and judgment of the state court judgment"; and (4) "the state court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F. 3d at 83-92 (relying on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff brings due process claims arising out of her state court proceedings. But as she: (1) lost in state court, (2) complains of injuries caused by the state-court judgment; (3) seeks review of that judgment by this Court; and (4) initiated this action after the state-court judgment, the *Rooker-Feldman* doctrine applies. Because this Court cannot exercise appellate jurisdiction over any state court decision, Plaintiff must seek appellate review in the state courts. The Court therefore dismisses all claims arising out of Plaintiff's family court proceedings under the *Rooker-Feldman* doctrine.

E.   **False Arrest Claims**

Plaintiff alleges that (1) on July 25, 2016, Defendants Abrams and Roberts "had Plaintiff falsely arrested" and (2) Plaintiff was not convicted of any charges. (ECF 2, at 4.) The Court construes these allegations as asserting a false arrest claim and dismisses them as time-barred.

The statute of limitations for claims brought under section 1983 is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under section 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under section 1983 accrues when the arrestee " becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention." ).

Here, Plaintiff alleges that she was arrested on July 25, 2016. She therefore had three years from the date she was "held pursuant to legal process," *Wallace*, 549 U.S. at 389, to file this action. Based on Plaintiff's arrest date, the time to file this complaint expired on or about July 25, 2019. Plaintiff did not file her complaint, however, until May 17, 2021, nearly two years after the limitation period expired. Her false arrest claims are therefore time-barred.

Although a plaintiff is not required to plead that claims are timely, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). The Court therefore dismisses Plaintiff's false arrest claims as time-barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.     Malicious Prosecution Claims**

Because Plaintiff alleges that she was arrested but never convicted, the Court construes the complaint as asserting a malicious prosecution claim under the Fourth Amendment. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) ("A § 1983 claim for malicious prosecution essentially alleges a violation of the plaintiff's right under the Fourth Amendment to be free from unreasonable seizure.").

To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against her, with malice and without probable cause, and were terminated in her favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). Moreover, she must allege facts suggesting "that the underlying criminal proceeding ended in a manner that affirmatively indicates [her] innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Simply reporting a crime to law enforcement and giving testimony does not constitute the "initiation" of a criminal prosecution. *Rothstein v. Carriere*, 373 F.3d 275, 293– 94 (2d Cir. 2004) (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). To state a claim, a plaintiff must allege facts suggesting that the defendant played an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (quoting *Rohman*, 215 F.3d at 217).

Claims of malicious prosecution accrue when the relevant criminal proceedings terminate in a plaintiff's favor. *See Bumbury v. City of New York*, 62 A.D. 3d 621 (1st Dep't 2009).

Here, Plaintiff does not state a claim of malicious prosecution for three reasons. First, she does not allege that any defendant initiated a prosecution against her with malice and without probable cause. Rather, she suggests that Abrams and Roberts reported that Plaintiff committed some type of offense, but not that they played an active role in any prosecution. Second, Plaintiff does not allege that the proceedings ended in a manner that affirmatively indicates her innocence. Instead, she merely states that she was never convicted. Third, the complaint suggests that a malicious prosecution claim would be untimely.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it is likely that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court grants Plaintiff leave to replead a malicious prosecution claim to allege any facts supporting that claim. If Plaintiff files an amended pleading, she should state facts regarding the date of the arrest, the nature of the charges, the date the charges were dismissed, who arrested her, who initiated the prosecution, and those individuals' role in the prosecution.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead the malicious prosecution claim.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                         Chief United States District Judge